*Twenty-Sixth Judicial District.*

## In the Court of Common Pleas of Columbia County.

### DIETRICK *v.* MANN.

To complete an appeal the Justice's transcript of the proceedings must be filed in the Court by the party appellant.

An appellee has no control over the proceedings relating to the appeal.

Dietrick brought two suits against Mann before a justice of the peace, and obtained judgments against the defendant. The defendant appealed. Subsequently, and before the first day of the next term of the

court of common pleas, the plaintiff took transcripts of the proceedings including the appeal, entered them in the common pleas, issued rules to arbitrate, which were regularly served on the defendant, the appellant, and proceeded to obtain judgments before the arbitrators. The defendant, appellant, paid no attention to the proceedings in court. At the first term, on motion and affidavit, court grant a rule to show cause why the said appeals should not be stricken off.

Opinion delivered May 16, 1873, by

ELWELL P. J. An appeal is not complete until the transcript of the proceedings of the Justice is filed in court. The 4th section of the act of 1810 provides that it shall be effectual in case the party appellant shall file the transcript of the record of the Justice in the Prothonotary's office on or before the next term after entering bail.

The appellee has no control whatever over the proceedings relating to the appeal. The statute gives to the appellant until the first day of the term to enter the appeal. Before that time he may conclude not to enter it at all. His election in regard to this cannot be thwarted, or hastened by any action of the appellee.

The appellee had no more right to step in and act for the appellant in the matter of bringing up the appeal than any stranger would have. He cannot regulate the proceedings in court to meet the exigencies of the particular case. If he cannot collect his debt by the usual, ordinary and legal process of the law, it is his misfortune. He can no more deprive the defendant of the time which the law gives him, in which to carry up his appeal, than he could of the length of time of notice upon a summons to appear and answer.

It is argued that the justice is bound to certify all the proceedings to the prothonotary in case of appeal ; and that, therefore, this appeal was regularly entered, because so certified.

The law, as already stated, in express terms speaks of the transcript being filed by the appellant. The two parts of the act are entirely consistent, and are to be construed as requiring the justice to make a full certificate of his proceedings, and the appellant if he desires to re-try the cause, to cause it to be filed.

In this case the defendant has done no act recognizing the appeal as his. But the plaintiff has obtained an award of arbitrators against him before the time when he was bound to carry up his appeal. The proceedings cannot be sustained.

Rule made absolute—Appeal and award of arbitrators stricken off.

*E. H. Little*, Esq., for plff. ; *S. Knorr*, Esq., for deft.